## CARMICHAEL AD. VS. SAINT.*

A duly certified transcript, from the record of a Probate Court in a sister State, of the orders granting to the plaintiff as sheriff, letters of administration, and the certificate of the judge of such court, that such letters of administration had been granted to him, and that he was duly qualified and authorized to administer said estate, are sufficient *prima facie* evidence of his representative character, without proof that he had taken an oath of office, or given an administration bond.

---

*This cause was argued and submitted at the July Term, A. D. 1854.

*Writ of Error to the Circuit Court of Phillips County.*

Hon. CHARLES W. ADAMS, Circuit Judge.

ENGLISH, for the plaintiff. The statute requiring no formal pleading in the Probate Court, the objection to the prayer of the petition, will be treated as having the legal effect of a plea of *ne unques administrator*. Under such issue, the plaintiff's title, as administrator, may be proved by the letters of administration, or by the original book of acts, which directs the grant of the letters, with the *surrogate's fiat*. 1 *Sanders Plead. and Ev.* 504 *; Elden ad. vs. Keddell*, 8 *East* 187 *; 2 Stark. Ev.* 145 *; 2 Phill. Ev.* 361*; Davis vs. Williams*, 13 *East* 232.

The grant of letters of administration, or testamentary, is *prima facie* evidence of a compliance with every pre-requisite, and matters in avoidance must be pleaded and proven by the party impeaching them. *Diamond vs. Shell et al.*, 15 *Ark.; Newton Ex. vs. Cocke Ex.*, 5 *Eng.* 169 *; 1 Greenl. Ev.*, sec. 550, *p.* 662 *; 10 Pick.* 515*; 1 Binney's Rep.* 63.

Hon. THOMAS JOHNSON, Special Judge, delivered the opinion of the Court.

It appears, from the transcript sent into this court, that the defendant in the court below, waived all other objections to the proceeding, except the single one questioning the sufficiency of the authority of the plaintiff to maintain the suit. The evidence offered by the plaintiff, to establish his right to sue in this case, consists of a certified transcript from the record of the Probate Court of Madison county, in the State of Alabama, which exhibits orders of that court, granting letters of administration to him, as sheriff of said county, upon the estate mentioned in his petition; and, also, certificates of a judge of that court, that letters of administration had been granted to the plaintiff, sheriff of said county, and that he was duly qualified as such, and authorized

to administer said estate. These orders and certificates are then certified by another judge of the same court, who, it seems, was *ex-officio* clerk of the court, to be a true and perfect transcript of the record of the letters of administration granted to the plaintiff. The question now to be decided, and the only one raised by the record, is, whether the showing, made by the plaintiff, was sufficient to enable him to prosecute this suit. The 4th article of the constitution of the United States, sec. 1st, declares, that "Full faith and credit shall be given, in each State, to the public acts, records, and judicial proceedings of every other State, and that the Congress may, by general laws, prescribe the manner in which such acts, records, and proceedings, shall be proved, and the effect thereof."

Congress, under the authority of this provision of the constitution, by an act of the 26th of May, 1790, enacted as follows, to wit: "The records and judicial proceedings of the courts of any State shall be proved, or admitted in any other court within the United States, by the attestation of the clerk, and the seal of the court annexed, if there be a seal, together with a certificate of the judge, chief justice, or presiding magistrate, as the case may be, that the said attestation is in due form. And the said records and judicial proceedings, authenticated as aforesaid, shall have such faith and credit given to them, in every court within the United States, as they have by law or usage in the courts of the State from whence the said records are, or shall be taken."

The transcript offered, in this case, to show the representative character of the plaintiff, and his right to prosecute this suit, is authenticated in strict accordance with the act of Congress, upon the subject; and is, consequently, entitled to the same faith and credit in this court, as it would have in the courts of Alabama. This being the case, it is clearly *prima facie* evidence of the plaintiff's right to sue; and, as such, fully sufficient, unless successfully attacked and avoided by legitimate matter of defence introduced by the defendant.

The court below refused to grant the prayer of the petition

filed by the plaintiff, upon two grounds: *First*, that no oath of office had been shown; and, *secondly*, that no administration bond was made to appear. This court at the January Term, 1854, in the case of *Diamond vs. Shell et al.*, held the following language, to wit: "If the testator's appointment be confirmed, the person who is about to become executor, is required to make an affidavit, and enter into bond with security, which are to remain of record in the clerk's office, and being thus qualified, his appointment and authority to act are to be completed by the issuance to him of letters testamentary, according to the form prescribed by the statute, and to which a copy of the will is annexed. Before the original letters are given out, it is made the duty of the clerk, under a penalty, to record them, and authenticated copies of them may be read in evidence in the same manner as the originals." Hence, it is, that, after these successive steps, the executor always makes out a *prima facie* case of authority to sue, by producing the letters issued to him, or a certified copy of them. A copy of the will accompanies the letters, but as the granting of them pre-supposes the establishment of the will by the adjudication of the proper court, the proofs and examinations, which may have been taken in support of it, do not necessarily form any part of the letters. In like manner, we understand the intimation in *Newton exr. vs. Cocke exr.* (5 *Eng.* 176,) to be, that though the oath and bond are essential to the executor's right to act, they need not be produced or proven, when his authority is collaterally called in question, because the statute makes them pre-requisites to the final issuance of the letters, and it is not to be presumed that the Probate Court, to whom belongs the appointment and removal of executors, has been derelict in exercising its jurisdiction. Upon the same general principle it may be presumed, until the contrary be shown, that the laws of Alabama, under which these proceedings were had, have been complied with. True it is, that the paper offered as evidence of the plaintiff's representative character, does not correspond in form with that prescribed by our statute, but it having been certified by the proper officer to

be a true and perfect transcript of the record of the letters of administration, we are to presume that it is in accordance with the law of that State. We entertain no doubt of the sufficiency of the proof to establish the plaintiff's right to sue, and that consequently the court below erred in ruling otherwise.

The judgment of the Circuit Court of Phillips county, herein rendered, is consequently reversed, and the cause remanded, to be proceeded in, according to law, and not inconsistent with this opinion.

Before Mr. Justices Scott and Walker, and Hon. Thomas Johnson, Special Judge.

Mr. Chief Justice English not sitting in this case.